CARNIE WALLACE V. THE STATE.

No. 18117. Delivered January 15, 1936.

The opinion states the case.

*T. L. Price,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction is for a misdemeanor; punishment being assessed at a fine of twenty-five dollars.

The prosecution proceeded under sec. 1 of chap. 29, Acts of the Regular Session of the 42nd Legislature. We quote said section, in part, as follows: "Whoever, acting for himself or another, sells, trades or otherwise transfers any second-hand or used vehicle without delivering to the transferee at the time of delivery of the vehicle the license receipt issued therefor for the current year and a bill of sale thereto in triplicate as herein required shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars."

It is provided in said section, among other things, that one selling, trading or otherwise transferring a vehicle required to be registered under the laws of this state shall deliver to the transferee at the time of the delivery of such vehicle the license receipt issued by a tax collector of the state for the registration thereof for the current year and a bill of sale in triplicate.

The charging part of the complaint reads as follows: "Carnie Wallace did then and there unlawfully sell and trade to B. C. Stalneke one used and second-hand motor vehicle, to-wit, one 1929 ford tudor automobile, without having registered said automobile in the State of Texas for the current year."

Manifestly the complaint charges that appellant had not registered the automobile at the time he sold it to Stalneke. We find nothing in the section of the act to which we have referred which penalizes one for selling a second-hand automobile which he himself has not registered for the current year. The penalty applies to the sale, trade, etc., of such vehicle without delivering to the transferee at the time of the delivery of the car the license receipt for the current year and a bill of sale thereto in triplicate. The car might have been registered for the current year by another, and thereafter during said year sold to appellant and the license receipt delivered to him.

Being of the opinion that the complaint fails to charge an offense under the terms of section 1, supra, we are constrained to order a reversal of the judgment.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.